UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Debbie Knightly</u>

    v.                                  Civil No. 16-cv-124-AJ
                                          Opinion No. 2016 DNH 142

<u>Stanley E. Gula and</u>
<u>Virginia L. Gula</u>

**O R D E R**

    In July 2015, Brian Knightly was working inside a garage owned by Stanley Gula and Virginia Gula in Errol, New Hampshire. Compl. ¶¶ 6-9. While moving items from the second floor of the garage to the first floor, Mr. Knightly lost his balance and fell sideways onto the concrete floor below. <u>Id.</u> ¶¶ 9-11. Mr. Knightly was transported to a local hospital and later died from his injuries. <u>Id.</u> ¶ 12.

    Following the death of her husband, Debbie Knightly brought suit against the Gulas alleging claims for wrongful death and loss of consortium. Compl. ¶¶ 6-25. As part of her wrongful death claim, Ms. Knightly requests punitive damages pursuant to Maine's wrongful death statute. 18–A Me. Rev. Stat. Ann. § 2–804.

    Unlike Maine law, New Hampshire's wrongful death statute precludes punitive damages. <u>See</u> N.H. Rev. Stat. Ann. §§ 507:16, 556:12. The Gulas now move to dismiss Ms. Knightly's claim for punitive damages, arguing that damages under New Hampshire law should instead apply. Doc. no. 11. In her objection, Ms.

Knightly contends that a determination of which state law should govern damages is premature.  Doc. no. 13.  In the alternative, Ms. Knightly argues that, if the court does make a determination, Maine law should control.  Id.

"When the court, sitting in diversity, considers a case in which more than one state has an interest, it must determine which state's law to apply.  To make this determination, the court sitting in New Hampshire must apply New Hampshire's choice of law rules."  Sinclair v. Brill, 815 F. Supp. 44, 46 (D.N.H. 1993).  Under New Hampshire's choice of law rules, if the relevant law is substantive and "the New Hampshire law actually conflicts with the laws of another interested state[,]" the court applies a five-factor test determine which state's law to apply.  Id.  The relevant factors include:

> (1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the States in the federal system; (3) simplification of the judicial task; (4) advancement of the governmental interest of the forum; (5) and the court's preference for what it regards as the sounder rule of law.

LaBounty v. Am. Ins. Co., 451 A.2d 161, 163 (N.H. 1982).

As the above framework shows, a fact-intensive analysis is necessary in order to make a choice of law determination in this case.  For example, the second factor requires to court to determine whether a particular state "does not have substantial connection with the total facts and with the particular issue

being litigated." <u>Clark v. Clark</u>, 222 A.2d 205, 208 (N.H. 1966). Without discovery and only the benefit of a five-page complaint and some briefing, the court is unwilling to determine which state law governs damages until the factual record is more developed.

## **Conclusion**

For the foregoing reasons, the motion to dismiss, doc. no. 11, is denied without prejudice to being resubmitted as a motion for summary judgment

SO ORDERED.

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

August 18, 2016

cc: Jonathan S. Frizzell, Esq.
    Nicholas James Deleault, Esq.
    John L. Riff, IV, Esq.