UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Debbie Knightly

    v.                                              Civil No. 16-cv-124-AJ
                                                      Opinion No. 2017 DNH 124

Stanley E. Gula et al.


Stanley E. Gula et al.

    v.

Robert Lanctot

## O R D E R

Stanley E. Gula and Virginia L. Gula bring a third-party action against Robert Lanctot, seeking contribution from Lanctot should they be found liable in the underlying action brought against them by Debbie Knightly. Lanctot moves to dismiss, arguing that the third-party action is barred by New Hampshire Revised Statutes Annotated ("RSA") § 507:7-g because Debbie Knightly did not consent to its filing. Doc. no. 27. The Gulas object, arguing that Federal Rule of Civil Procedure ("Rule") 14(a), not RSA 507:7-g, governs third-party contribution actions in federal court. Doc. no. 29.

As relevant here, RSA 507:7-g prohibits the defendant in an action from bringing a third-party claim for contribution in that same action without the consent of the plaintiff. RSA 507:7-g, IV(c). In contrast, Rule 14(a) states that "[a]

defendant party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The parties do not dispute that the Gulas' third-party action is the sort contemplated by RSA 507:7-g and Rule 14(a). Nor do they dispute that the Gulas filed the third-party action without Debbie Knightly's consent. Thus, whether dismissal is appropriate turns on which of these two provisions applies.

When resolving conflicts between state law and a federal rule, "[t]he initial step is to determine whether . . . the scope of [the rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law." Burlington N. R.R. Co. v. Woods, 480 U.S. 1, 4-5 (1987) (internal quotation marks omitted). Here, there is plainly a direct collision between RSA 507:7-g and Rule 14, as one requires plaintiff consent to bring a third-party contribution action and the other does not.

In the event of a direct collision between state law and a federal rule, the federal rule governs "unless it exceeds statutory authorization or Congress's rulemaking power." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010) (citation omitted). Under the Rules Enabling Act, federal courts must apply the federal rules unless they

"abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). "Rules that are 'strictly procedural' can be adopted through the Rules Enabling Act," as can "rules that fall 'within the uncertain area between substance and procedure, but are rationally capable of classification as either.'" United States v. Walsh, 75 F.3d 1, 6 (1st Cir. 1996) (brackets omitted) (quoting Burlington N. R.R. Co., 480 U.S. at 5). "The test is not whether the rule affects a litigant's substantive rights; most procedural rules do." Shady Grove, 559 U.S. at 408 (citations omitted). "What matters is what the rule itself regulates: If it governs only the manners and the means by which the litigants' rights are enforced, it is valid; if it alters the rules of decision by which the court will adjudicate those rights, it is not." Id. (brackets and internal quotation marks omitted).

Decisions from this district and others are split on whether Rule 14(a), when applied in the present context, abridges a substantive right bestowed upon plaintiffs by RSA 507:7-g. See, e.g., Connors v. Suburban Propane Co., 916 F. Supp. 73, 77–81 (D.N.H. 1996) (concluding that RSA 507:7-g must be applied over Rule 14(a) because the former bestows a substantive right upon plaintiffs to exclude third-party defendants); Gilbert v. CPM Constructors, 96-cv-481-PB (D.N.H. 1998) (slip op. at 3) (holding that "the right to engage in

3

third-party practice under Rule 14(a) affects only the process of enforcing litigant's rights rather than the rights themselves"); Z.B. v. Ammonoosuc Cmty. Health Servs., 225 F.R.D. 50, at 61 – 62 (D. Me. 2004) (reaching the same conclusion as Gilbert).  In the court's view, each of these decisions has its relative merits.  As such, the court is compelled to conclude that Rule 14(a), when applied in this particular context, "falls within the uncertain area between substantive and procedure [that is] rationally capable of classification as either." See Walsh, 75 F.3d at 6 (citation omitted).  As discussed above, the federal rule governs under such circumstances.  See id.; see also Shady Grove, 559 U.S. at 398.  Thus, Rule 14(a) applies, and the Gulas may properly bring a third-party claim for contribution as part of this action without Debbie Knightly's consent.

Accordingly, Lanctot's motion to dismiss the Gulas' third-party complaint (doc. no. 27) is denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

June 19, 2017

cc: Jonathan S. Frizzell, Esq.
    Nicholas James Deleault, Esq.
    John L. Riff, IV, Esq.
    Gary M. Burt, Esq.